UNITED STATES DISTRICT COURT   WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

CHRISTOPHER SLEDZ, Individually §
and On Behalf of All Others Similarly §
Situated, §
§
         *Plaintiffs*, §
§    No. _____
v. §
§
NINE ENERGY SERVICES, LLC, §
§
         *Defendant*. §

## PLAINTIFF CHRISTOPHER SLEDZ'S ORIGINAL COMPLAINT

Plaintiff Christopher Sledz (referred to as "Sledz") brings this action under 29 U.S.C. § 216(b) individually and on behalf of all current and/or former employees of Defendant Nine Energy Services, LLC (referred to as "NES") who were paid on a salary-plus-day-rate basis without overtime during the past three years to recover back wages, liquidated damages, attorney's fees and costs under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

### I. Nature of Suit

1.    Sledz's claims arise under the FLSA.

2.    The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary

for health, efficiency, and general well-being of workers … ." 29 U.S.C. § 202(a).

3.     To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

4.     NES violated the FLSA by employing Sledz and other similarly situated employees "for a workweek longer than forty hours [while refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they were or are] employed." 29 U.S.C. § 207(a)(1).

5.     NES willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

6.     Sledz brings this action under 29 U.S.C. § 216(b) individually and on behalf of all similarly situated current and/or former employees of NES (defined below) to recover back wages, liquidated damages, attorney's fees and costs under the FLSA.

## II. Jurisdiction & Venue

7.     This action arises under a federal statute, the FLSA. 28 U.S.C. § 1331 (federal-question jurisdiction).

8.     Venue is proper in this district and division because a substantial part of the events or omissions giving rise to Sledz's claim occurred in this district and division. 28 U.S.C. § 1391(b)(2).

### III. Parties

9.     Sledz is an individual who resides in Tarrant County, Texas and who was employed by NES during the last three years.

10.     NES is a Delaware limited liability company that may be served with process by serving its registered agent:

> CT Corporation System
> 1999 Bryan Street, Suite 900
> Dallas, Texas 75201-3136

Alternatively, if the registered agent of NES cannot with reasonable diligence be found at the company's registered office, NES may be served with process by serving the Texas Secretary of State. *See*, Tex. Bus. Org. Code §§ 5.251-5.254; *see also*, Tex. Civ. Prac. & Rem. Code § 17.026.

11.     An allegation that NES committed any act or omission should be construed to mean the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of NES or was done in the normal course and scope of employment of NES's officers, directors, vice-principals, agents, servants or employees.

## IV. Facts

12.     NES is an onshore completions company.

13.     NES does business in the territorial jurisdiction of this Court.

14.     NES employed Sledz from February 21, 2022, to the present.

15.     NES employed Sledz as a field tool specialist.

16.     As a field tool specialist, Sledz was responsible for providing technical assistance, repairs and services of downhole completion products and equipment.

17.     During Sledz's employment with NES, he was engaged in commerce or in the productions of goods for commerce.

18.     During Sledz's employment with NES, the company had employees engaged in commerce or in the production of goods for commerce.

19.     During Sledz's employment with NES, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

20.     During Sledz's employment with NES, the company had an annual gross volume of sales made or business done of at least $500,000.

21.     NES paid Sledz on a salary-plus-day-rate basis.

22.     NES paid Sledz on a biweekly basis by direct deposit.

23.     During Sledz's employment with NES, he regularly worked in excess of forty hours per week.

24.    NES knew or should have known that Sledz worked in excess of forty hours per week.

25.    NES did not pay Sledz for the hours he worked in excess of forty per week "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

26.    Instead, NES paid Sledz on a salary-plus-day-rate basis without overtime.

27.    Sledz was not exempt from the maximum hour requirements of the FLSA.

28.    As a field tool specialist, Sledz's primary duties were nonexempt.

29.    As a field tool specialist, Sledz's primary duties did not include office or nonmanual work.

30.    As a field tool specialist, Sledz's primary duties were not directly related to the management or general business operations of NES or its customers.

31.    As a field tool specialist, Sledz's primary duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

32.    As a field tool specialist, Sledz did not, in performing his primary duties, regularly exercise discretion and independent judgment with respect to matters of significance.

33.     As a field tool specialist, Sledz was, instead, required to follow NES's policies, practices and procedures.

34.     As a field tool specialist, Sledz did not have any independent authority to deviate from NES's policies, practices and procedures.

35.     NES knew or should have known that Sledz was not exempt from the maximum hour requirements of the FLSA.

36.     NES willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

37.     During Sledz's employment with NES, the company did not maintain accurate time and pay records for Sledz as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

38.     During Sledz's employment with NES, the company did not post and keep posted the notice required by 29 C.F.R. § 516.4.

39.     NES continued the pay practice(s) complained of by Sledz without investigation after being put on notice that the pay practice(s) violated the FLSA.

40.     NES has a history of FLSA violations that put the company on actual notice of the requirements of the FLSA.

41.     Prior to this lawsuit, NES conducted one or more internal investigations which revealed violations similar to the one(s) complained of by Sledz.

42.     Because NES willfully violated the FLSA, the company is liable to Sledz for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

43.     As a result of the FLSA violation(s) described above, NES is liable to Sledz for back wages, liquidated damages and attorney's fees and costs. 29 U.S.C. § 216(b).

44.     All field tool specialists employed by NES during the last three years who were paid on a a salary-plus-day-rate basis without overtime are similarly situated to Sledz because (1) they have similar job duties; (2) they regularly worked or work in excess of forty hours per week; (3) they were or are not paid overtime for the hours they worked or work in excess of forty per week as required by 29 U.S.C. § 207(a)(1); and (4) they are entitled to recover back wages, liquidated damages and attorney's fees and costs from NES under 29 U.S.C. § 216(b).

### V. Count One—
### Failure to Pay Overtime in Violation of 29 U.S.C. § 207

45.     Sledz adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

46.     During Sledz's employment with NES, he was a nonexempt employee.

47.     As a nonexempt employee, NES was legally obligated to pay Sledz "at a rate not less than one and one-half times the regular rate at which

he [was] employed[]" for the hours he worked in excess of forty per week. 29 U.S.C. § 207(a)(1).

48.     NES did not pay Sledz "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" as required by 29 U.S.C. § 207(a)(1).

49.     Instead, NES paid Sledz on a salary-plus-day-rate basis without overtime.

50.     If NES classified Sledz as exempt from the maximum hour requirements of the FLSA, he was misclassified.

51.     As a result of the FLSA violation(s) described above, NES is liable to Sledz for back wages equal to the difference between what the company should have paid and what it actually paid.

## VI. Count Two—
## Willful Violation of the FLSA Under 29 U.S.C. § 255(a)

52.     Sledz adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

53.     NES willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

54.     During Sledz's employment with NES, the company did not maintain accurate time and pay records for Sledz as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

55.   During Sledz's employment with NES, the company did not post and keep posted the notice required by 29 C.F.R. § 516.4.

56.   NES continued the pay practice(s) complained of by Sledz without investigation after being put on notice that the pay practice(s) violated the FLSA.

57.   NES has a history of FLSA violations that put the company on actual notice of the requirements of the FLSA.

58.   Prior to this lawsuit, NES conducted one or more internal investigations which revealed violations similar to the one(s) complained of by Sledz.

59.   Because NES willfully violated the FLSA, the company is liable to Sledz for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

### VII. Count Three—
### Collective-Action Allegations Under 29 U.S.C. § 216(b)

60.   Sledz adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

61.   On information and belief, other employees of NES have been victimized by the FLSA violation(s) described above.

62.   These employees are similarly situated to Sledz because, during the relevant time period, they held similar positions and were

compensated in a similar manner, which, as explained above, violates the FLSA.

63.     NES's unlawful policies or practices, which are described above, are generally applicable policies or practices and do not depend on the personal circumstances of the members of the Overtime Collective (defined below).

64.     Since Sledz's experiences are typical of the experiences of the members of the Overtime Collective (defined below), collective-action treatment is appropriate. *See*, 29 U.S.C. § 216(b).

65.     For these reasons and in accordance with 29 U.S.C. § 216(b), Sledz requests that the Court authorize notice regarding the pendency of this case and the right to join it to the following collective(s):

> All field tool specialists employed by NES during the last three years at any location in the United States who worked more than forty hours in any one or more workweeks and who were paid on a salary-plus-day-rate basis without overtime (the "Overtime Collective").

66.     NES is liable to Sledz and the members of the Overtime Collective for back wages equal to the difference between what the company should have paid and what it actually paid.

67.     Sledz has retained competent and capable attorneys who are experienced trial lawyers with significant experience in complex employment litigation (including class actions, collective actions, and multidistrict

litigation); Sledz and his counsel are committed to prosecuting this action vigorously on behalf of him and the members of the Overtime Collective, have the financial resources to do so and do not have interests that are contrary to or that conflict with those of the proposed collective(s).

## VIII. Count Four—
### Liquidated Damages, Attorney's Fees & Costs Under
### 29 U.S.C. § 216(b)

68.     Sledz adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

69.     Sledz is authorized to recover liquidated damages on his claims by statute. 29 U.S.C. § 216(b).

70.     Sledz is authorized to recover attorney's fees and costs on his claims by statute. 29 U.S.C. § 216(b).

71.     Sledz has retained the professional services of the undersigned attorneys.

72.     Sledz has complied with the conditions precedent to recovering attorney's fees and costs.

73.     Sledz has incurred or may incur attorney's fees and costs in bringing this lawsuit.

74.     The attorney's fees and costs incurred or that may be incurred by Sledz were or are reasonable and necessary.

75.     NES is liable to Sledz and the members of the Overtime Collective for liquidated damages, attorney's fees and costs by reason of the FLSA violations described above. 29 U.S.C. § 216(b).

## VIII. Relief Sought

76.     Sledz demands the following relief:

  a. an order under 29 U.S.C. § 216(b) authorizing notice regarding the pendency of this case and the right to join it to the Overtime Collective;

  b. an order appointing Sledz representative of the Overtime Collective;

  c. an order appointing MOORE & ASSOCIATES counsel for the Overtime Collective;

  d. an incentive award for Sledz for serving as representative of the Overtime Collective if the Court allows this action to proceed as a collective action under 29 U.S.C. § 216(b);

  e. judgment against NES in Sledz's favor both individually and on behalf of the members of the Overtime Collective for back wages, liquidated damages and attorney's fees, plus interest and costs; and

  f. all other relief and sums that may be adjudged against NES in Sledz's favor both individually and on behalf of the members of the Overtime Collective.

Respectfully Submitted,

MOORE & ASSOCIATES
Lyric Centre
440 Louisiana Street | Suite 1110
Houston, Texas 77002-1055
Telephone: (713) 222-6775
Facsimile: (713) 222-6739


By: *[signature]*

Curt Hesse
Tex. Bar No. 24065414
curt@mooreandassociates.net
Melissa Moore
Tex. Bar. No. 24013189
melissa@mooreandassociates.net

**ATTORNEYS FOR PLAINTIFF**
**CHRISTOPHER SLEDZ**